**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

ANNA M. BOUCHARD and )
PAUL BOUCHARD, )
           )
      Plaintiffs, )    C.A. No. N12C-12-046 CLS
           )
       v. )
           )
CHRISTOPHER GILES, M.D. )
and INTERNAL MEDICINE )
OF DOVER, P.A., )
           )
      Defendants. )
           )
           )
           )

## ORDER

On this 14th Day of August, 2014 and upon Plaintiffs Anna M. Bouchard and Paul Bouchard's ("Plaintiffs") Motion for Summary Judgment on the Issue of Liability, the Court finds as follows:

This is a medical malpractice claim by Plaintiffs against defendants Christopher Giles, M.D. and Internal Medicine of Dover, P.A. ("Defendants"). On July 19, 2014, Plaintiffs moved for summary judgment, arguing that there was no evidence in the record which created an issue of fact as to Dr. Giles's liability. Defendants opposed Plaintiffs' motion because discovery was ongoing, experts had yet to be identified and deposed, and a discovery deadline had not been set.

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[1] Summary judgment should be denied "if it seems desirable to inquire more thoroughly into the facts or to clarify the application of the law."[2] If there is no applicable scheduling order in place setting forth a discovery deadline or if discovery is ongoing, a motion for summary judgment will likely be found premature.[3]

Plaintiffs' motion is premature since discovery has yet to be completed and a discovery deadline has not been set. Thus, Plaintiffs' motion is **DENIED WITHOUT PREJUDICE.**

       **IT IS SO ORDERED.**            /s/ Calvin L. Scott

                                     **Judge Calvin L. Scott, Jr.**

---

[1] Super. Ct. R. 56; *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[2] *Christiana Marine Serv. Corp. v. Texaco Fuel & Marine Mktg.*, 2002 WL 1335360, at *2 (Del. Super. June 13, 2002).

[3] *See e.g., Rivera v. Diamond State Port Corp.*, 2006 WL 1515829, at *1 (Del. Super. Apr. 6, 2006).